## HAAS & HAAS *v.* MARKS.

GILBERT, J. The petition alleged the making of a contract between the parties, and a breach thereof by the defendant. As part consideration moving the plaintiffs to enter into such contract was an agreement by the defendant to furnish a stipulated sum of money to the plaintiffs to be loaned on specified terms, and further that the defendant would not unreasonably refuse to accept applications made by parties wishing to borrow. The petition further alleged the securing of applications falling reasonably within the stipulated terms, and an arbitrary refusal of the defendant to perform his part of his contract, thus constituting a breach of contract. *Held*, that the allegations of the petition set out a cause of action for breach of a contract, wherein the damages are not too remote to be recovered. It was error to dismiss the petition on demurrer. Civil Code (1910), §§ 4395, 4510, 4511; *Stewart v. Lanier House Co.*, 75 *Ga.* 582; *Electric Ry. Co.* v. *Tennessee Coal &c. Co.*, 98 *Ga.* 191 (26 S. E. 741); *Waycross Air-Line R. Co.* v. *Offerman &c. R. Co.*, 114 *Ga.* 727, 731 (40 S. E. 738).

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*

No. 4116. MAY 6, 1924.

Equitable petition. Before Judge Humphries. Fulton superior court. November 2, 1923.

Haas & Haas, a partnership, engaged in the business of insurance and loans, filed suit against Maurice I. Marks, alleging, in substance, that the petitioners bought an automobile through the defendant as agent of the dealer; that the petitioners were to deliver to the defendant as part payment a used automobile and their promissory note for the difference between the value of the used automobile and the purchase-price of the new one which petitioners were to receive; that as an inducement to petitioners to purchase the new automobile the defendant contracted and agreed with them that if they would make said purchase the defendant, who had on deposit in an Atlanta bank $8,000, would bind himself to give petitioners the right to lend for him, upon the security of real estate in Atlanta, Ga., the sum of $8,000, and he would place that sum under control of petitioners for said purpose not later than a designated day; that petitioners accepted this proposi-

tion and executed their part of the agreement; that it was agreed between plaintiffs and the defendant that the loans to be negotiated by them for him were to bear a designated rate of interest and for designated periods of time; that the property to be taken as security was to be located exclusively on the north side of Atlanta, that is, on the north of the line of the Georgia Railroad and the Western & Atlantic Railroad, in choice residential sections; that the commissions for obtaining loans were to be paid by the borrowers; that the expense of examining and approving titles and the preparation of loan papers were to be done by a named attorney, provided his charge for such service did not exceed the scale of a named abstract company; that after securing the applications for loans petitioners would submit the same to the defendant for acceptance or rejection; that the defendant would not act arbitrarily, but fairly and reasonably and in good faith in such acceptance or rejection; that the entire $8,000 would be placed on loan for the defendant within a reasonable time, and he would give to the petitioners a reasonable time for placing said loans; that a number of applications for loans within the stipulated amounts, to be secured by real estate in the stipulated territory, were submitted to the defendant, all of which were rejected, the defendant finally, in rejecting the last application, saying that he had changed his mind and had decided not to invest the $8,000 in loans, but to use the same in the purchase of a home for himself; that the petitioners and the defendant contemplated, at the time the agreement was made, that the business would earn at least the sum of $320 as commission, and that a breach of the contract to allow petitioners to lend the money would result in damage and loss to the plaintiffs of not less than that sum; that petitioners, by reason of the breach of the contract by defendant, did suffer the loss of $320, and said loss arose naturally and according to the usual course of things from said breach, and the agreement was broken by the defendant with the knowledge that it would result in damage and loss to the petitioners; that the defendant was in possession of the note executed by them for the balance due on the automobile, which note they offered to pay with interest, provided the defendant would allow credit on the note for the amount of damages suffered on account of his breach of contract. The prayers were, that the defendant be enjoined from negotiating, selling, or otherwise dis-

posing of the note made by petitioners; that they have judgment against him for the amount of damages sustained; for general relief and process.

To this petition the defendant interposed a demurrer containing general and special grounds. The court sustained the demurrers and dismissed the petition. Plaintiffs excepted. The judgment sustaining the demurrer states the reasons therefor, and shows that the dismissal was based solely on the ground that, according to the petition, the compensation to be received by the petitioners on account of the alleged contract was to be paid, not by the defendant, but by the borrowers, and was in the nature of brokerage, and therefore that the contract was purely speculative and was too indefinite to furnish a basis for recovery; and that the contract was unilateral, and accordingly was not mutually binding upon the parties in a definite and certain manner. The briefs of both parties discussed this grounds as the sole reason for the dismissal of the petition, and did not mention any other grounds of demurrer.

*H. A. Alexander*, for plaintiffs.

*W. W. Visanska*, for defendant.